**STATE of Vermont v. Gordon G. PARKER**

[744 A.2d 434]

No. 99-023

December 15, 1999. Defendant appeals from a conditional plea of guilty to the charge of escape, arguing that the Vermont Department of Corrections' furlough policy, upon which he claims his conviction was based, was not promulgated in accordance with Vermont's Administrative Procedure Act and is therefore void. We affirm.

Defendant Gordon Parker was serving a seven-to-ten year incarcerative sentence when he was placed on furlough by

---

the Department of Corrections (DOC). Defendant signed an agreement authorizing his furlough from March 18, 1998 to April 4, 1998, which included among its specific conditions:

> To abide by all rules and regulations of this furlough. Being in the Furlough Program you are expected to have your whereabouts known to the Community Corrections Service Center staff at all times.
>
> A work and activities schedule will be attached to this furlough and the furloughee will be responsible for full compliance. . . .
>
> Failure to comply with the furlough may result in immediate reincarceration.

Directly above defendant's signature, the authorization agreement stated:

> I have read and/or had this authorization and conditions explained to me and agree to abide by them. Failure to follow these instructions can result in prosecution for Escape.

On March 30, 1998, defendant violated his furlough when he failed to report to DOC offices for rehabilitative programming and could not be located by DOC employees. Defendant was charged with escape from furlough under 13 V.S.A. § 1501(b)(2).

In July 1998, the State amended its information, charging that defendant "[d]id then and there, visit a place other than that required by an order for furlough issued by the Vermont Department of Corrections, as required by 28 V.S.A. § 808, in violation of 13 V.S.A. § 1501(b)(2)." In response, defendant filed a motion to dismiss, alleging that since the DOC's furlough policy — described by defendant as Policy 601 — had not

been promulgated pursuant to the rulemaking provisions of the Vermont Administrative Procedure Act (VAPA), see 3 V.S.A. § 801 et seq., he could not be prosecuted for escape from furlough because the policy was void. The State filed an opposition motion in August 1998.

In September 1998, the Windsor District Court denied defendant's motion, holding that he had not shown prejudice from the application of DOC's policy and that, given his agreement to the conditions of his furlough, there was no violation of due process. Defendant subsequently entered into a conditional plea agreement, pleading guilty to the escape charge but reserving his right to appeal the denial of his motion. Defendant was sentenced to a three-year term consecutive to his previous sentence, and this appeal followed.

The standard for addressing a motion to dismiss for lack of a prima facie case under V.R.Cr.P. 12(d) is whether, taking the evidence in the light most favorable to the State and excluding modifying evidence, the State has produced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt. See *State v. Fanger*, 164 Vt. 48, 51, 665 A.2d 36, 37 (1995). We must determine whether the State met its burden in demonstrating that it had "'substantial, admissible evidence as to the elements of the offense challenged by the defendant's motion.'" *Id.* (quoting V.R.Cr.P. 12(d)(2)).

Whatever the merits of defendant's vigorous contention that the DOC was required to follow the VAPA in promulgating Policy 601, defendant's appeal here fails to answer a fundamental question: what is the relevance of Policy 601 to a determination of whether the State has met its burden in producing evidence fairly and reasonably tending to show that defendant is guilty of the charge of escape from furlough? The short answer is that we can find none.

Defendant is unable to posit a statutory interpretation that would reasonably lead

to the conclusion that the Legislature intended to make violation of a promulgated DOC furlough policy an element of the crime of escape. The Commissioner of Corrections has statutory authority — without the need to promulgate further regulations — to

> extend the limits of the place of confinement of an inmate at any correctional facility if in the judgment of the commissioner the inmate will honor his trust, by authorizing the inmate under prescribed conditions to visit a specifically designated place or places for a period not to exceed 15 days and return to the same facility.

28 V.S.A. § 808(a). This statute provides ample authority for the DOC to place offenders on furlough and to attach binding conditions on that furlough. It does not require the DOC to adopt rules and regulations to implement the statutory purposes.

Moreover, 13 V.S.A. § 1501(b)(2) expressly grants the State the authority to charge furloughees for escape:

> A person who, while in lawful custody:
>
> (2) fails to return from furlough to the correctional facility at the specified time, or visits other than the specified place, as required by the order issued in accordance with section 808 of Title 28 . . . shall be imprisoned for not more than five years or fined not more than $1,000.00, or both.

This escape statute refers only to § 808, not to any rules or regulations which the DOC must adopt.

Defendant has not contested the State's evidence that he signed a furlough agreement advising him of his obligation to abide by the terms of the agreement and informing him that "[f]ailure to follow these instructions can result in prosecution for Escape." Nor, except for his reliance on Policy 601, has defendant contested the sufficiency of the State's evidence demonstrating that on March 30, 1998, defendant visited a place other than that required by an order for furlough issued by the DOC, as required by 28 V.S.A. § 808, in violation of 13 V.S.A. § 1501(b)(2).

The State met its burden of demonstrating substantial and admissible evidence as to the elements of the escape offense charged. Defendant's motion to dismiss was properly denied.

*Affirmed.*