Mason v. Gold, No. S1567-04 CnC  (Norton, J., Apr. 21, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                SUPERIOR COURT
Chittenden County, ss.:                      Docket No. S1567-04 CnC

MASON

v.

GOLD

ENTRY

     Petitioner has moved for Habeas Corpus relief to reverse a Department of Corrections decision that revoked his status in a conditional re-entry program.  Petitioner makes a vigorous argument that the conditional re-entry program, unlike furlough programs, involves a liberty interest and is therefore subject to due process scrutiny.  Cf. Conway v. Cumming, 161 Vt. 113, 118 (1993) (holding that petitioner had no liberty

interest in a furlough program).  Notwithstanding these and petitioner's other arguments, recent events have rendered this case moot.

Conditional re-entry is a type of pre-parole/furlough program where inmates are returned to the community before their parole begins.  The purpose of this program is to help reintegrate inmates into society and transition from incarceration to parole.  28 V.S.A. § 808.  Under the program, inmates must agree to abide by a set of general and special conditions, any violation of which can led to a return to prison.  State v. Parker, 170 Vt. 571, 573 (1999) (mem.).

In December, petitioner was accused of violating condition C of his agreement.  This condition required him not to engage in threatening, violent, or assaultive behavior.  According to the Department, a confidential informant came forward with claims that petitioner had left threatening phone messages.  Based on this and other evidence, the Department determined that petitioner had violated condition C and terminated his conditional re-entry program.  Petitioner subsequently filed this Habeas petition seeking a review of his hearing for lack of due process, specifically for the Department's failure to follow certain procedures to verify the informant's information.

In February, before this court could rule on pending motions for summary judgment, the Department returned the petitioner to the program.  Ten days later, the Department, on notice from the manager of petitioner's residential house, determined that petitioner had violated condition H of his agreement by failing to maintain his residence.  Petitioner is currently in the custody of the Department and no longer in the conditional release program.

As petitioner's complaint seeks relief from the Department's first revocation, this controversy ended when the Department released the petitioner in February. <u>Holton v. Ginevan</u>, 2005 VT 42, at ¶ 14 ("A case becomes moot when the parties cease to maintain a legally cognizable interest in the outcome of the case."). Once this relief was accomplished there was nothing further this court could do. Any ruling that this court might make as to the nature of petitioner's interest and the process he might be due would be advisory and impermissible because petitioner had no further legal stake in the proceedings. <u>All Cycle, Inc. v. Chittenden Solid Waste Dist.</u>, 164 Vt. 428, 432 (1995).

Currently the petitioner is incarcerated and out of the program for a different violation of his agreement. This involved different evidence and a different hearing. The arguments raised by petitioner in his brief are not relevant to this violation and thus cannot sustain his petition under this new revocation. This court concludes that due to mootness the Habeas Corpus petition must be dismissed.

Based on the foregoing, the Department of Correction's motion for summary judgment is granted. Petitioner's request for Habeas Corpus relief is dismissed.

Dated at Burlington, Vermont_____, 2005.

_____
Judge